Nov. Term, 1845.

VAN VACTER
v.
M'KILLIP.

---

## VAN VACTER *v.* M'KILLIP.

A petit juror being challenged stated on oath, that he did not know but that he had formed an opinion in the case from rumour; but that he thought his opinion would readily yield to the evidence, if it should differ from the rumour he had heard. *Held,* that the challenge was not sustained.

Case lies for criminal conversation with the plaintiff's wife.

Whether the testimony of a witness is rendered suspicious by any of the facts proved, is a question not for the Court, but for the jury.

In a suit for crim. con., evidence that the plaintiff is ill-tempered, and that previously to the illicit intercourse charged, he and his wife lived unhappily, and occasionally came to blows, is inadmissible in mitigation of damages.

The admission of immaterial evidence (the merits of the cause having been fully tried) cannot be assigned for error.

Nov. Term, 1845.

VAN VACTER v. M'KILLIP.

Saturday, December 20.

APPEAL from the *Union* Circuit Court.

SULLIVAN, J.—Case by *M'Killip* against *Van Vacter* for enticing away and debauching the plaintiff's wife. There were two counts in the declaration; the first was for criminal conversation; the second was for enticing away, &c. The defendant pleaded, 1st, not guilty; and to the second count, he pleaded that the plaintiff's wife left his house by and with his leave and consent, and not by or with the advice or procurement of the defendant. Replication in denial of the second plea, and issue. Verdict and judgment for the plaintiff.

During the impanelling of the jury, one *Josiah Bennett*, who was called to serve as a juror, was challenged by the plaintiff, and was required to answer questions on oath touching his competency to serve as a juror. Being interrogated as to his having formed an opinion in the case, he answered "that he did not know but that he had formed an opinion in the case from rumour," whereupon the plaintiff waived his challenge. The defendant then objected to *Bennett*, and *Bennett* being further interrogated said, "that he thought his opinion would readily yield to the evidence, if it should differ from the rumour he had heard." The Court overruled the objection to the juror, and he was thereupon sworn to try the cause. The defendant excepted. The defendant's objections to the judgment of the Circuit Court on this point, are fully answered by the opinion of this Court in the case of *M'Gregg* v. *The State*, 4 Blackf. 101. We adhere to the decision there made, that an opinion, founded merely on report, where there is no proof of ill-will to either of the parties; or where the opinion is not so firmly settled as to justify a belief that the juror would not do justice in the case; is not sufficient to disqualify him from serving.

The next error assigned is, that the Court refused to give the following instruction to the jury, viz.: If the defendant entered upon the premises of the plaintiff and debauched the

Nov. Term, plaintiff's wife, the jury should find for the defendant on the
1845. ground that the action should have been trespass and not
VAN VACTER case. The instruction was correctly refused. Though it is
v. usual to declare in trespass *vi et armis* for criminal conversa-
M'KILLIP. tion, &c.; yet, as the consequent loss of society is the ground
of action, the plaintiff is still at liberty to declare in case. 1
Chitt. Pl. 134.

After the testimony was closed, the Court, on motion of
the plaintiff, instructed the jury substantially, that the plain-
tiff, to support his action, must prove a marriage in fact; that
he must prove the adulterous intercourse, or that the defend-
ant enticed away the plaintiff's wife, either of which would
support the action; that circumstantial evidence would be
sufficient, and that the jury were to judge of the circumstan-
ces, and of the credibility of the witnesses; that the defend-
ant might defeat the charge of criminal conversation, by
showing that the connection had taken place with the pri-
vity or consent of the plaintiff; and that he might defeat the
second count by showing that the plaintiff's wife left his
house by his leave; and that the defendant might prove in
mitigation of damages the loose character of the plaintiff's
wife, &c. The defendant thereupon moved the Court to
give certain instructions to the jury which were refused, and
which refusal constitutes the third error assigned. We are
of opinion that the Court committed no error, in refusing the
instructions asked, for which the judgment should be revers-
ed. We do not feel called upon to examine, in this opinion,
the instructions *seriatim*, especially as the plaintiff in error
insists only upon two of them,—the fourth and the eleventh.

The fourth instruction asked and refused was as follows,
viz.: If the jury believe that the supposed discovery of the
wife's adultery was made by the children of the plaintiff, and
was not communicated to him until a quarrel took place be-
tween the plaintiff's wife and his children, it is a circumstance
to throw suspicion on their testimony. The Court, very cor-
rectly, refused the instruction as asked. They had no right
to instruct the jury, that the circumstance referred to *would*
throw suspicion on the testimony of the witnesses. That
was for the jury to consider. It might be explained so as to
have no weight whatever. The Court, moreover, had already

informed the jury, that, of the circumstances and of the facts stated by the witnesses, and of the credit to be given to their testimony, they were the judges. The quarrel between the witnesses and the plaintiff's wife, and the delay to communicate to the plaintiff the discoveries made, until after the quarrel, were circumstances in the case embraced by the instruction given.

The eleventh instruction asked was in the following words, viz.: "If the jury believe that the plaintiff is an ill-tempered man, and that previously to any illicit intercourse between the plaintiff's wife and the defendant, the plaintiff and his wife lived together unhappily, and occasionally came to blows, these are circumstances which the jury may consider in mitigation of damages." There are many facts and circumstances which the defendant, in an action of this kind, may show in mitigation of damages; but we have met with no case in which it has been decided that a bad temper, or the occasional collisions that may take place between husband and wife, in consequence of the bad temper of either or both of them, afforded the slightest extenuation to the guilt of a seducer. The ebullitions of passion soon pass away, and domestic peace and comfort, though interrupted temporarily, are not destroyed. They inflict no wound on the husband's honour. Why then should those momentary outbreaks of feeling mitigate the damages for an injury that forever destroys his domestic enjoyment, and inflicts a wound upon his honour that cannot be healed? What excuse can the seducer find in such unhappy discords for his guilt? If by artfully taking advantage of them, he draws the wife off from her allegiance to her husband, and weans her affection from him entirely, does it not rather aggravate than extenuate the injury? The Court did not err in refusing the instruction.

There is one other point in the case to which the plaintiff in error has called our attention. On the trial of the cause, the plaintiff below was allowed to prove, without objection, that the defendant had fled to avoid the service of process in this case. It appeared to the Court, however, as a bill of exceptions informs us, that the process was served in the county of *Union*, whereupon the plaintiff offered in evidence a writ issued in the case directed to the sheriff of *Marshall*

Nov. Term, 1845.

Van Vacter
v.
M'Killip.

Nov. Term,
1845.

county, and a return, indorsed thereon, that he had served it on the defendant. To the introduction of the writ and return, the defendant objected. We think the whole of the testimony relative to the absence of the defendant was immaterial. It had no bearing whatever on the merits, and we must presume had no effect, one way or another, upon the minds of the jury. The case having been fully tried upon the merits, we cannot, according to previous decisions of this Court, disturb the judgment because testimony upon an immaterial point was not excluded.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*J. S. Reid, S. W. Parker*, and *C. H. Test*, for the appellant.

*J. Yaryan, J. S. Newman*, and *J. Rariden*, for the appellee.