Nov. Term, 1861.

DALLAS
v.
SELLERS.

------·--o-·--

17  479
133  449

## DALLAS v. SELLERS.

In an action for *crim. con.*, it is not competent for the defendant to prove facts going to show that there was no affection existing between the plaintiff and his wife, at and before the time of the alleged seduction.

APPEAL from the *Vermillion* Circuit Court.

PERKINS, J.—Suit for *crim. con.* Judgment for the plaintiff for seven hundred dollars.

Friday,
December 13.

Only two questions are made by appellant's counsel in this Court, and they are upon the rejection of evidence.

The defendant brought upon the stand a witness to state that "from what he had observed, and knew of the language and conduct of the plaintiff and his wife towards each other, there was not, in his opinion, any affection existing between them, at and before the time of the seduction."

Aside from the objection to the evidence as mere opinion, it would seem that evidence of facts, showing ground on which to found such an opinion, would have been inadmissible. If affection did not exist at the time, the defendant

should not have interfered to cut off all chance for its growing in the future. *Van Vacter* v. *McKillip*, 7 Blackf. 578.

The defendant introduced upon the stand another witness, to state that, in his opinion, the plaintiff did not furnish his wife (that is his family) with a suitable house to live in. The Court refused to hear the evidence. There was no error in this. If any question could have arisen upon the quality of house the plaintiff lived in, the evidence should have been of facts, upon which the jury could have formed an opinion. It was not a question for experts.

*Per Curiam.*—The judgment below is affirmed, with 5 per cent. damages and costs.

*John P. Usher* and *D. W. Voorhees*, for the appellant.

*J. E. McDonald* and *A. L. Roache*, for the appellee.