## BUNNELL vs. GREATHEAD.

Where the real question involved in an action has not been presented, or determined, the verdict will be set aside.

The law is now clearly settled to be that if it appears, in an action for criminal conversation, that the husband consented to his wife's adultery, it goes in bar of the action.

If he was guilty of negligence, or of loose or improper conduct not amounting to a consent, it goes in reduction of damages.

If the husband had it in his power, and neglected to interpose, to prevent the debauchment of his wife, he can recover only the actual pecuniary damages which he sustained. (J. F. BARNARD, J. dissented.)

THIS action was for the recovery of damages against the defendant for an alleged criminal conversation with the plaintiff's wife; and the trial resulted in a verdict in the plaintiff's favor for $10,000.

On a case and exceptions and on affidavits, a motion was made for a new trial on the grounds : 1st. That the verdict was excessive. 2d. Of surprise. 3d. That the verdict was against the weight of evidence. 4th. Of newly discovered evidence. The motion was denied by Justice BARNARD, at a special term, and from this order, and the judgment entered on the verdict, the defendant appealed.

*Homer A. Nelson,* for the appellant.

*Collins Sheldon,* for the respondent.

*By the Court,* GILBERT, J. This was an action of crim. con., in which the plaintiff got a verdict of $10,000. The plaintiff, himself, was the only witness who testified to any act of criminal intercourse. According to his testimony he was present at the commission of one ; saw his wife leave his house, pass within four feet of him, meet the defendant, who was waiting in his (the plaintiff's) yard, go to an outhouse with the defendant, have connection with him there, and he made no effort to prevent it, but crawled to a place, at a distance of eight or twelve feet from this outhouse, and there looked on and saw the act done.

Bunnell *v.* Greathead.

No error was committed by the judge at the circuit; for his attention was not called to the rule of law involved. Whether he decided the motion for a new trial correctly or not, it is not necessary to consider. The verdict ought to be set aside, because the real question involved has not been present or determined. (*Catterall* v. *Hurdle, Law Rep. C. P. vol.* 2, 368.) The plaintiff had the power, and it was his duty, as a husband, to interfere and prevent the debauchment of his wife. It is a general rule of law that no one can maintain an action for a wrong when he has consented, or contributed to the act which occasions his loss. When an action is brought, for criminal conversation, the law is now clearly settled to be that if the husband consents to his wife's adultery, it goes in bar of the action. If he be guilty of negligence, or of loose or improper conduct, not amounting to a consent, it goes in reduction of damages. (*Per Buller, J. Duberley* v. *Gunning,* 4 *T. R.* 657. 1 *Selw. N. P.* 10th *ed. S.* v. (3.) *Winter* v. *Ham,* 4 *C. & P.* 498. *Calcraft* v. *Earl of Harborough,* 19 *id.* 496. *Reeve's Dom. Rel.* 3d *ed.* 140. 2 *Greenl. Ev.* § 51. *Seagar* v. *Sligerland,* 2 *Caines,* 219. *Travis* v. *Barger,* 24 *Barb.* 614.)

This rule of law seems to have been overlooked, throughout the case. The jury have not considered it. If the evidence of the plaintiff did not bar the action, it certainly entitled him only to the actual pecuniary damages which he sustained. No proof was given of any damages of that kind. To allow the verdict to stand would give legal sanction to conduct which, unless it can be in some way explained, deserves only severe reprobation. The jury should have an opportunity of determining these questions.

The judgment is reversed, and a new trial is granted, costs to abide the event.

J. F. BARNARD, J. dissented.

New trial granted.

[DUTCHESS GENERAL TERM, May 13, 1867. *Lott, J. F. Barnard* and *Gilbert,* Justices.]