A. V. S. LINDSLEY & others *vs.* JOHN THOMPSON and the Sheriff.

### April Term, 1873.

JUDGMENT—ESTOPPEL.—The estoppel of a judgment extends to all matters material to the decision of the cause, and which the parties might have had decided, although not actually litigated.

SAME, SAME.—There is, therefore, no equity in a bill by the stayor of a justice's judgment to enjoin the execution of a judgment at law, when he has previously had an opportunity, upon *certiorari* and *supersedeas* sued out by him, to set up the same defense, although he then failed to rely upon the particular matter on which the bill is based.

*R. McP. Smith*, for complainants.
*J. B. White*, for defendants.

Motion to dissolve injunction for want of equity on the face of the bill.

THE CHANCELLOR :—The facts, as gathered from the bill, are, that on the 19th of January, 1861, the defendant Thompson recovered two judgments before a justice of the peace against one Barrow, which judgments were stayed by Lindsley ; that executions issued after the expiration of the stay and were levied on the land of Barrow, and the papers returned to the circuit court for the condemnation of the land ; that through the grossest negligence Thompson allowed his lien to be abandoned, and then took out executions against Lindsley, and sought to make the money out of him, Barrow having become insolvent ; that Lindsley obtained writs of *certiorari* and *supersedeas* from the circuit court, complainant Hoyte becoming surety on his bond ; that the

attorney in drafting the petition for a *certiorari* put his application for relief on the single ground that the levies on the land of Barrow were a satisfaction of the execution; that it is a familiar rule that the party, in such case, is confined to the grounds of relief mentioned in his petition, and so said Lindsley's case was foredoomed from the beginning, since everybody knows that a mere levy on land is not a satisfaction of an execution; that an appeal was taken to the supreme court from the judgment of the circuit court overruling the motion to quash the executions, and dismissing the proceedings, when the judgment was, of course, affirmed, on the 20th December, 1872, and judgment rendered against Lindsley, Hoyte and complainant Smith as surety of appeal, and the execution thereon is in the hands of defendant Whitworth as sheriff. The ground assumed in the bill entitling the complainant to relief is that "the gross negligence of the creditor, under the circumstances, when he knew that the principal debtor was insolvent, and that his own conduct induced the stayor to rest secure, amounted to bad faith toward the stayor, and operated to release him," and that these grounds of relief are now presented for the first time in a shape to be passed upon.

It has long been the settled law of this state that a party will not be aided by a court of chancery, after a trial at law, unless he can impeach the justice of the judgment on grounds which he could not have availed himself of at law, or was prevented from doing it by fraud, accident, or the act of the opposite party, unmixed with negligence or fault on his part. *Reeves* v. *Hogan*, Cooke, 175 ; *Kearney* v. *Smith*, 3 Yer. 127 and reports *passim*.

It appears on the face of the bill that the complainant obtained a *certiorari* and *supersedeas* against the executions issued on the original judgments *after the abandonment* of the levies on the land of Barrow, which he now relies on as gross negligence sufficient to relieve him. The question presented, therefore, is whether he has not lost his remedy in this court by his own negligence.

18

It is not pretended that the act of the creditor now complained of would not have been a good ground of defense at law upon the *certiorari*, if it were a good ground of defense in any court. It is clear that it was as available in the court of law as in this court. *Lindsley* v. *Thompson*, MS. case, supreme court, December term, 1872, citing 2 Am. Lead. Cas. 147. But it is insisted that the fact that it was not relied on, by reason of the fault ot the draftsman of the petition in putting the relief on the wrong ground, is sufficient to excuse the complainant, and give him now a standing in this court. But in this the learned counsel is clearly mistaken. "Nothing is better settled than that the estoppel of a judgment extends to all matters material to the decision of the cause, and which the parties might have had decided, although not actually litigated." *Le Guen* v. *Gouverneur*, 1 Johns. Cases, 492; 3 W. & T. Lead. Cas. Eq. 184. A decree, therefore, dismissing a bill for want of equity is a bar to another suit seeking the same relief, although all the proper parties were not brought before the court in the former suit. Story Eq. Jur., § 1523; *Fischli* v. *Fischli*, 1 Blackf. 360; *Curtis* v. *Trustees*, 6 J. J. Mar. 536; *Thompson* v. *Clay*, 3 T. B. Mon. 359. After a party has once had his day in court, he cannot be allowed to litigate the same matters again, even if he proceeded upon a defective case, or without necessary parties. *Rogers* v. *Higgins*, 57 Ill. 244. This principle is most distinctly brought out in the case of *Welch* v. *Harmon*, 8 Yer. 103, 110. There, the defendants in a suit before the county court, had taken the case to the circuit court by *certiorari*, which was, on motion, dismissed. Afterwards, they applied to the county court for a writ of error *coram nobis* upon another ground, which would have been good upon the *certiorari*, if it had been stated. It was held by the supreme court, that the defendants having once had their day in court, their remedy was gone forever. "If," said the court, they—the defendants—might have had the benefit, on that petition, of all the facts which they now set up against the judgment, and *failed from mere negligence* of availing them-

selves thereof, their remedy is gone forever. They are not entitled to a writ of error, because they have had a day in court by means of the *certiorari*. It cannot be objected to this, that the *certiorari* was dismissed so that they could not get a decision on its merits, and, therefore, it is the same as though they had not been in court. It was their own fault that they did not state their true and available defense in the petition. The fact existed then, as well as now, and they must, in the nature of things, have known of its existence." This same principle has been repeatedly applied to bills filed in chancery after a judgment at law. A notable case, from the fact that our present chief justice of the supreme court was a party, and that it was argued by some of our most eminent lawyers, is that of *Nicholson* v. *Patterson*, 6 Hum. 394. In that case, there was an error in the proceedings at law, which, if it had been called to the attention of the supreme court, would have been fatal, but it was overlooked, and the court held that chancery could give no relief. To the same effect are *Bailey* v. *Anderson*, and *Black* v. *Caruthers*, *Harris & Co.*, two cases in the same volume of reports, pp. 149, 187. See also *Perkins* v. *Hadley*, 4 Hay. 148 and *Carraway* v. *Burton*, 4 Hum. 108 ; and any number of cases could be added to the list, the last of them being the very case the judgment in which is here enjoined. There is no equity on the face of the bill and the injunction must be dissolved.