VOGEL v. THE LAWRENCEBURGH TOBACCO MANUFACTUR-
ING CO.

JUSTICE OF THE PEACE.—*New Trial.*—A new trial cannot be granted by a
justice of the peace, on account of newly-discovered evidence, after the
expiration of four days from the entering of judgment. Sec. 356, 2 G.
& H. 215, is not applicable to courts of justices of the peace.

From the Dearborn Common Pleas.

*J. Schwartz,* for appellant.

*N. S. Givan* and —— *Mathews,* for appellee.

DOWNEY, J.—The appellee, on the 25th day of February,
1871, recovered a judgment against the appellant, before a jus-
tice of the peace.   On the 31st day of July, 1871, the appel-
lant filed before the justice a verified motion or complaint for
a new trial in the cause, on account of newly-discovered evi-
dence.   A demurrer to the complaint or motion was filed by the
appellee, and sustained by the justice, and judgment was ren-
dered for the defendant.   Vogel appealed to the common pleas,
where the demurrer to the motion or complaint, which had
been filed before the justice, was again sustained, and judg-
ment rendered for the defendant.    The sustaining of the
demurrrer is the error assigned.

New trials before a justice of the peace, according to 2 G.
& H. 592, sec. 56, must be granted within four days after
entering judgment.

Judgments by default may be set aside at any time within
ten days.   2 G. & H. 593, sec. 62.

An appeal may be taken within thirty days.   2 G. & H.
593, sec. 64.

Under certain circumstances, an appeal may be ordered by
the appellate court after thirty days.   2 G. & H. 597, sec. 68.

The judgment defendant has not sought relief in this case
in any of these modes, but has filed a complaint for a new
trial after the lapse of more than five months.

Counsel for appellant concedes that his position is novel, but
contends that that is no sufficient reason why it cannot be main-

tained. The argument is this: Sec. 75, 2 G. & H. 600, is as follows: "In all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of circuit courts, and the rules of the common law so far as the same are in force in this State."

The statute in relation to new trials in the circuit court, 2 G. & H. 211, sec. 352, provides that "a new trial may be granted in the following cases, and upon the following terms: * * Seventh. Newly-discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

Sec. 356, 2 G. & H. 215: "Where causes for new trial are discovered, after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the court, upon the evidence produced by the parties. But no such application shall be made more than one year after the final judgment was rendered."

Is this section applicable to the court of a justice of the peace? It is conceded that there is no authority directly in point. Sec. 75, above quoted, has reference to "cases not in this act specially otherwise provided." As we have seen, there is a section in the justices' act which provides otherwise, by enacting that new trials may be granted within four days after judgment, and which must be construed as impliedly forbidding the granting of the same after that time. *Foist* v. *Coppin*, 35 Ind. 471, has some bearing on the question, although not directly in point.

We have given the question due consideration, and have arrived at the conclusion that the ruling of the common pleas, in sustaining the demurrer, was correct. We have not considered it necessary to decide upon the sufficiency of the facts.

alleged in the complaint to warrant the granting of a new trial, supposing the other question out of the way.

The judgment is affirmed, with costs.