SYLLABUS.

WILLIAM F. PRETTYMAN *vs.* EDWIN P. WILLIAMSON.

*Criminal    Conversation—Alienation    of    Affections—Damages—
Measure—Mitigation—Connivance—Divorce.*

1.   In an action for criminal conversation or alienating the wife's affections, the husband may recover for his mental suffering, and the loss of his wife's affection and society, as well as for the pecuniary loss for her services, less the value of the performance of the husband's duty to support, clothe, and care for her.

2.   Such action may be maintained without proof of pecuniary loss.

3.   The consent of the husband to the act complained of is a complete bar to such action.

4.   In an action for criminal conversation or alienation of the wife's affections, facts showing that the relations between plaintiff and his wife were unhappy, that he failed to support her, and that he is living apart from her, may be considered in mitigation of damages.

5.   An act of the Legislature divorcing husband and wife is not a bar to an action for previous criminal conversation or alienation of affection, but such divorce may be considered in mitigation of damages.

6.   In such action, exemplary damages may be awarded, based on the enormity of the offense, and its malicious, wilful, and aggravated character.

7.   Evidence of criminal conversation on the part of the wife and the defendant after the wife has secured a divorce is inadmissible in such action.

8.   Where the declaration alleges that the plaintiff and his wife were married " according to the laws of the State of Delaware," proof that they married in Philadelphia is admissible.

·  9.   After a partial or involuntary separation of the husband from the wife, evidence that the defendant made propositions to the husband with a view of influencing the latter to consent to the defendant's improper relations with the wife, is admissible.

10.   In such action the pecuniary ability of the defendant to respond in damages, is proper evidence, and records of deeds of property made to the defendant are admissible as evidence of that fact.

(*February 24, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*James Ponder* and *Walter H. Hayes* for plaintiff.

*Peter L. Cooper, Jr.,* for defendant.

Superior Court, New Castle County, February Term, 1898.

ACTION for damages for alienation of wife's affections. (For further facts see charge of Court.)

At the trial, Mr. Ponder, for the plaintiff, in opening the case to the jury, proceeded to read the second and sixth counts in his narr, they being the counts on which the plaintiff based his suit.

*Mr. Cooper*, for defendant, objected to counsel's reading the two counts in the declaration, unless the whole declaration was read.

PENNEWILL, J :—There can be no objection to his reading the two counts mentioned.

It was admitted that a divorce was granted by the Legislature to Mary L. Prettyman from her husband, William F. Prettyman, without resistance upon his part, on May 26, 1897.

An offer was made by Mr. Hayes to prove by Henry Yost, that on September 9, 1897, he saw the defendant in the house of Mrs. Prettyman.

This testimony was objected to by defendant's counsel as incompetent, because it was after the divorce had been granted by the Legislature. The objection was sustained.

*Mr. Ponder* produced Richard W. Humphreys, and after proving that he was a regularly ordained minister of the Methodist Episcopal Church, stationed at Philadelphia, produced a paper which the witness identified as a marriage certificate. The witness was then asked the following question : " Did you perform a marriage ceremony in the City of Philadelphia, uniting in matrimony the people who are named in this certificate ? "

*Mr. Cooper :*—The question is irrelevant under the pleadings. The only allegation of marriage in the declaration is found in the third count, which alleges that the plaintiff and his wife were married according to the laws of the State of Delaware. If the witness married them in Philadelphia, it can only mean a marriage according to the laws of the State of Pennsylvania.

In this class of cases (it being a case of crim. con. according to the pleadings) strict proof of marriage as alleged is required.

*Wheaton vs. Selwyn's Nisi Prius, 14 (under "Adultery")* ; *Taylor on Evidence, 190-191.*

*Mr. Hayes,* for the plaintiff, in reply cited :

*Rev. Code, Sec. 2, Chap. 71, p. 594 ; Williams vs. Walton & Whann Co., 1 Hardesty, 35.*

PENNEWILL, J :—We think the testimony is proper.

The defendant's counsel excepted to the above ruling of the Court. The witness then proceeded to state that he supposed the marriage was performed in Philadelphia, that he had no recollection of having performed a marriage in the State of Delaware in all his ministry ; that he recognized the marriage certificate as genuine ; that he wrote it and would say that he united William F. Prettyman and Mary L. Wilson in matrimony according to the forms and usages of the Methodist Episcopal Church, and that at the time the certificate bore date he was a regularly ordained minister of that Church and had authority to solemnize marriages ; but had no recollection at all of the circumstances of performing the marriage ceremony or of the parties.

*Mr. Ponder* here offered the marriage certificate in evidence and the same was objected to by Mr. Cooper on the ground that the parties mentioned therein had not been identified.

The plaintiff, William F. Prettyman, was then called to the stand, and after proving that the parties mentioned in the certificate were himself and wife, the certificate was again offered in evidence and admitted without objection.

The plaintiff, in reply to a question by Mr. Hayes, stated that while he lived on Twenty-second Street in Wilmington, having separated from his wife, the defendant came to him and told him if he would go back home and live in the house, 827 Orange Street, which his wife was renting from the defendant, he could have it to live in and all there was in it.

This line of testimony was objected to by Mr. Cooper, on the ground that it was subsequent to the plaintiff's separation

from his wife ; that a husband cannot recover for loss of services or affections of the wife after he has abandoned her.

*John Fry vs. Adam Derstler, 2 Yeates (Pa.), 278; Weeden vs. Trimbrell, 5 Durnford & East, 357.*

*Mr. Hayes* stated that what he proposed to prove by the plaintiff was that the defendant was trying to patch up an agreement and that it was in the nature of an admission on his part.

PENNEWILL, J :—We think the authorities cited are not applicable to this case.   They go upon the theory that there was a complete separation between the husband and wife, and voluntary on the part of the husband as well as the wife.   As we understand the testimony of the husband (which of course is for the jury to consider), it is that he was forced to leave his wife by reason of her misconduct, growing out of what he alleges to have been the misconduct of this defendant.   We think, therefore, there was no agreement on his part, if that be true, to separate, and that it was involuntary so far as he was concerned.

The defendant's counsel excepted to the above ruling.

*Mr. Hayes* called Courtland C. Montgomery, Recorder of Deeds of New Castle County, to the stand, and offered to prove by the records of his office, deeds of certain property to Edwin P. Williamson, the defendant, with a view to establishing the pecuniary ability of the defendant to respond in damages.

This line of testimony was objected to by Mr. Cooper as irrelevant.

The objection was overruled, the testimony admitted and an exception noted for the defendant.

The records referred to were then offered in evidence by plaintiff's counsel and the same were objected to by counsel for the defendant, unless the plaintiff could show that the defendant was still the owner of the property in question.

PENNEWILL, J :—This proof may be rebutted ; it may be shown that the title is not in him now ;   yet it is *prima facie* evidence and the best evidence in this respect,   and  we think it is admissible.

The defendant's counsel excepted to the above ruling.

## Motion for Non-Suit.

At the conclusion of the plaintiff's testimony Mr. Cooper, on behalf the defendant, moved for a non-suit upon two grounds:

1. It appearing in this case by uncontradicted testimony that Mary L. Prettyman, wife of the plaintiff, having secured the passage of an act by the General Assembly (1897) divorcing her from the plaintiff in this cause, and the Legislature in the proper exercise of its legislative powers and sitting as a judicial body for that purpose, having heard the allegations of the parties and granted said divorce, established and determined the rights of the parties in this cause, and the said act of Assembly is a complete bar to this cause of action.

2. Because there was no evidence in the case which would warrant the Court in sending it to a jury.

*Mr. Hayes*, for the plaintiff :—As to the first ground urged by the defendant's counsel—that the divorce is a bar—I hold that by the record in the case and by proof made by the plaintiff, it appears that the suit was commenced May 6, 1897, and that the divorce referred to was granted on the 26th day of May, 1897. Therefore the first proposition of the counsel for the defence resolves itself into this : That the defendant could be properly and legally sued in this action at the time suit was brought, and that he then, in aid of this woman, could go to the Legislature of this State and obtain a divorce for her from her husband and thereby prevent this Court from exercising its judicial powers in settling and adjudicating a controversy between the plaintiff and the defendant in this suit. If that were the case, then the act of divorce, if of any validity, would have a retroactive operation, which is against all law and against the decisions of this Court, unless the Statute itself expressly provides it.

*Wood vs. Vernon, 8 Houst., 481.*

PENNEWILL, J:—The Court think a non-suit should not be granted in this case, and the motion is refused.

Senator John Pyle was produced and asked by Mr. Cooper the following question : Was a day fixed by the Divorce Committee of the Legislature for a hearing in the case of Prettyman vs. Prettyman and were the witnesses who presented themselves on that day heard ?

Objected to by Mr. Hayes as irrelevant.

Objection sustained and an exception noted for defendant.

*Mr. Cooper* next offered in evidence the record of the divorce in question.

*Mr. Hayes* objected to its going in evidence as a bar, but did not object to its being admitted in mitigation of damages.

PENNEWILL, J:—It is admitted in mitigation of damages.

### PLAINTIFF'S PRAYERS.

The plaintiff prayed the Court to instruct the jury as follows :

1.  That it is well settled that a husband may maintain an action for the alienation of his wife's affections. The ground of action in such case is that the husband has the right to the comfort and assistance of his wife, and thus by procuring her to leave or to continue away from him this right is violated and he sustains an injury. The wife owes to the husband the duty of living with him and seeking to promote his interests and happiness, and by preventing the performance of this duty a wrong is done him, involving a pecuniary loss as well as loss of peace and comfort in the marriage relation, and the wrongdoer, whoever he is, is liable in an action for damages brought by the husband.

*Tiffany's Domestic Relations, 74, 79; Jaggard on Torts, 464, 466; Winmore vs. Greenbank, Willes Reps., 577, 580, 581, 583, 584; Hutchinson vs. Peck, 5 Johnson, 196, 202; Bennett vs. Smith, 21 Barbour, 421; Herrmance vs. James, 47 Barb., 120, 123, 126, 127; Bennett vs. Bennett, 116 N. Y., 584, 590, 591.*

2.  That in this action it is not necessary for the plaintiff to prove that the defendant's conduct was the sole cause of the

plaintiff's wife refusing to live with him ; it is sufficient to maintain the action that the defendant's conduct was the controlling cause of the plaintiff's loss of her affections and consortium.

*Hadley vs. Heywood, 121 Mass., 236; 239.*

3. That the plaintiff may recover for a partial alienation of his wife's affections, and he need not show that his wife had affection for him at the time in question, and that the defendant completely alienated it from him and caused it to centre on himself.

*Fratini vs. Caslani, 29 (Vt.) Atlantic, 252.*

4. That if it appears to the satisfaction of the jury from all the evidence in the case that the defendant alienated from the plaintiff the affections of the latter's wife, prior to the 6th day of May, 1897, that being the date of the commencement of this suit, then a cause of action accrued to the plaintiff; that that was and is a vested right, it was and is property that cannot be lawfully divested by legislative interference either directly or indirectly.

*Jones vs. Wootten, 1 Harr., 79-81; Smith vs. Clemson, 6 Houst., 181; Black's Constitutional Law, 496; Dunlap vs. Railway Co., 50 Mich., 474; Hubbard vs. Browne, 35 Conn., 563, 576; Johnson vs. Jones, 44 Ills., 142; 163; 164; Griffin vs. Wilcox, 21 Ind., 370; 372-73; Cornell vs. Hitchins, 11 Wis., 368; 388-9.*

That the fact that the plaintiff and his wife were divorced on the 26th of May, 1897, is not a bar to this action.   (*Supra.*)

5. That even if the jury should be satisfied from all the facts in the case, that the plaintiff and his wife did not live happily together at the time of and prior to the alleged alienation of the affections of the plaintiff's wife by the defendant, this would not constitute a bar to this action.

*Van Vacter vs. McKillip, 7 Blackf., 581; Dallas vs. Sellers, 17 Ind., 479; Fratini vs. Caslani, 29 Atl. Rep., 252.*

6. That such evidence is only admissible if at all, to mitigate the damages.

*South, on Damages, Sec. 1285.*

7. That if the jury shall be satisfied from all the facts in the case, that the defendant by his conduct and acts or either of them, either totally or partially gained the affection of the wife of the plaintiff, and as a result thereof the plaintiff lost the services and consortium of his wife, then the verdict should be for the plaintiff.

If the jury shall be satisfied from all the evidence in the case that the plaintiff is entitled to their verdict, then he is entitled to recover such damages as will compensate him for the loss of her services and marital consort, less the value of the performance by the husband of his duty to support, clothe and care for her. *South on Damages, Sec. 1285; Rudd vs. Rounds, 25 Atl. Rep. 438*; And if the jury shall be further so satified that the defendant wantonly, recklessly, wilfully or maliciously in disregard of the plaintiff's rights in the premises, alienated and gained the affections of his (the plaintiff's) wife, and that the wrong or injury thereby inflicted was grievous, then they may give him damages by way of punishment beyond a mere compensation for the actual injury.

*Jefferson vs. Adams, 4 Harr., 323; Tatnall vs. Courtney, 6 Houst., 438; Hale on Damages, 200.*

## DEFENDANT'S PRAYERS.

The defendant prayed the court to instruct the jury, among other things, as follows :

1. That the Legislature, in the proper exercise of its legislative powers and sitting as a judicial body for that purpose, having heard the allegations of the parties and passed the act divorcing Mary L. Prettyman and her husband, the plaintiff, said divorce established and determined the rights of the parties in this cause, and that the said act of Assembly is a complete bar to this cause of action. That if the plaintiff in this cause had such a cause of action as he now asserts, it would not only have been admissible in evidence in that divorce proceeding but it would have been an absolute and perfect defence to it. That

the jury must, therefore, under the facts established, return a verdict for the defendant.

Gleason vs. Knapp, 56 Mich., 291; Slade vs. Slade, 58 Me., 157; Blaine vs. Blaine, 45 Vt., 538; Prescall vs. Fisher, 22 Ills., 390; Patton vs. Longbridge, 49 Ind., 218; Roe vs. Roe, 35 Pacific 808; Sapwith vs. Sapwith, 2 Swab and Tristrain, 150; Maynard vs. Hill, 125 W. S., 190; Starr vs. Peas, 8 Conn., 541; Wright vs. Wright, 2 Md., 429; Satterlee vs. Matthewson, 2 Peters, 380; Watkins vs. Holman, 16 Peters, 25-60.

2.   That if a wife brings a divorce suit for cruelty, desertion, adultery, or other cause and the husband, knowing her to have committed adultery or to have committed other offences against her marriage vow, does not set it up in bar, whereupon a sentence of divorce is rendered against him, he cannot afterwards maintain against the adulterer an action for criminal conversation or alienation of affections.   She, with the adulterer, is conclusively presumed to be innocent.

2 Bishop M. & D., Secs. 1589.1594-1595; Lindsley vs. Thompson, 1 Tenn. Chancery, 272; Gleason vs. Knapp, 56 Mich., 291.

3.   That a suit for damages for criminal conversation or for the alienation of the affections of a wife, is based upon the marriage bond and the rights of the plaintiff thereunder.   A divorce dissolves the marriage, and whatever rights of the parties rest upon the marriage fall.

1 Bishop M. & D., Secs. 1465-1466; 1469, 1471; &c.

4.   That a legislative divorce in the absence of a Constitutional provision in the State Constitution prohibiting such a divorce, is perfectly legal and valid and destroys the status of the marriage together with whatever may depend thereon.   Such acts of Assembly neither impair the obligation of contracts nor are they an exercise of judicial power vested exclusively in the judicial branch of the Government :

1 Bishop M. & D., Secs. 1424-27; 1430-34; 1443-47; 1450-1451; 1471.

5. That the statute of limitations in this State covering this cause of action permits a plaintiff to bring a suit at any time within three years from the commission of the offence. It appearing in this cause that the suit was commenced on the fifth day of May, A. D. 1897, that the jury, in case they should find a verdict for the plaintiff, can only assess damages from the fifth day of May, 1894.

6. That an action for criminal conversation or the alienation of the affections of a wife, being based upon the marital rights of the husband and the gist of the action being for loss of services of the wife, he cannot recover for loss of services while he is living in a state of separation from his wife. If the jury should believe from the evidence in this cause that William F. Prettyman, the plaintiff, and Mary L. Prettyman, his wife, separated on the fifteenth day of May, 1894, with the intent not to reside together thereafter, they can only assess damages from the fifth day of May, 1894, to the fifteenth day of May, 1894, or for a period of 10 days, and that such damages should be nominal in amount.

*Weeden vs. Trimbrell, 5 Durnford and East, 357; Fry vs. Derstler, 2 Yeates, 278; Izard vs. Izard, 14 Perry & Dawson (E. Q. B.) 45; 46 and note.*

7. That a husband whose ill-conduct has justified his wife in leaving him or justified her in driving him from her house, has no right of action against another who assists her therein or who receives or harbors her :

*1 Bishop on Marriage and Divorce, Sec. 1362; Holtz vs. Dick, 42 Ohio St., 23-28; Rabe vs. Hanna, 5 Ohio, 530.*

8. That it is a general rule of law that no one can maintain an action for a wrong to which he has consented or contributed. When an action is brought for criminal conversation or alienation of affections, the law is now clearly settled to be that if the husband consents to his wife's act, it goes in bar of the action. If he be guilty of negligence or of loose and improper conduct not amounting to consent, it goes in reduction of damages. That if the jury believe, therefore, that William F. Prettyman, the plaintiff, by act or deed, consented to the defendant's visiting his

house as described in the testimony, they should return a verdict for the defendant.

*Burnett vs. Greathead, 49 Barb., 106 ; Durberly vs. Gunning, 4 T. R., 637 ; 1 Selwyn's Nisi Prius, Sub. "Adultery ;" Winter vs. Ham, 1 C. & P., 498 ; 5 Greenleaf on Ev., Sec. 51.*

9. That cruelty or unkindness of the husband to his wife, failure to support her, or other misconduct on his part, or want of affection between them, or other unhappy relations must all be considered by the jury and go in mitigation of damages; and if the jury should find that such a state of facts existed prior to the acquaintance between Williamson and Mrs. Prettyman, their damages, if any they return, should be merely nominal in sum.

*2 Bishop on M. & D., Sec. 1371; 3 Suth. on Damages, Secs. 1631, 1285; 1 Selwyn N. P., 24; Fitzgibbon vs. Brown, 43 Me., 169; Zerfing vs. Murer, 2 Green (Ia.), 520; Parker vs. Elliott 4 Munf., 587 ; Smith vs. Masten, 15 Wendell, 270 ; Sherwood vs. Tillman, 55 Pa. St., 77; Coleman vs. White, 43 Ind., 429; Hadley vs. Haywood, 121 Mass., 236 ; Dance vs. McBride, 43 Ia., 624.*

10. That in this case, there being no evidence of adultery or any facts from which it can be reasonably inferred, if the jury should believe from the evidence that by reason of the conduct of the husband all affection between the plaintiff and the wife was destroyed prior to her acquaintance with the defendant, they should return a verdict for the defendant.

11. That if the jury believe they should return a verdict for the plaintiff in any amount, they cannot take into consideration the conduct of the defendant subsequent to the passage of the divorce on May 26, 1897.

12. That before the jury can return a verdict for the plaintiff, they must be satisfied that the plaintiff has established his cause of action by competent testimony and by a preponderance of evidence. That they cannot infer criminal conversation or the alienation of the affections of the wife from facts innocent in themselves, but such conduct must be established to their satisfaction by a preponderance of evidence.

13. That the jury cannot return exemplary damages except upon evidence of a malicious and wilful attempt to alienate the affections of the wife and to entice her from the husband, and upon the further evidence that such attempt was successful. That the true measure of damages in this class of cases is the value of the wife's services to the husband less his expenses in clothing and supporting her.

*Rudd vs. Rounds, 25 Atl., 438.*

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This action, which has been tried with so much ability and which you have so patiently heard and will no doubt carefully consider and determine, is brought by William F. Prettyman, the plaintiff, against Edwin P. Williamson, the defendant, for damages which he alleges he has sustained by reason of an injury or wrong committed by the said defendant.

In the declaration filed in the cause the plaintiff in certain counts charges the defendant with criminal conversation or adultry with his wife, and in other counts the defendant is charged by the plaintiff with alienating the affections of the wife without the aggravation of criminal conversation.

It may be of assistance for you to be informed at the outset that criminal conversation in legal contemplation means adultery, which is sexual intercourse by a man and a woman, one of whom is lawfully married to another person.

To the declaration of the plaintiff the defendant has entered the following pleas, viz : First, not guilty; which is called the general issue, and constitutes an absolute denial of the commission of the injury or wrong complained of by the plaintiff. Second, the statute of limitations, which is a bar to the recovery by the plaintiff for any injury committed prior to the three years immediately preceding the commencement of the present suit; and, third, an act of the General Assembly of the State passed May 26, 1897, divorcing the said William F. Prettyman and his wife from the bonds of matrimony, and which act the defendant

contends constitutes a bar to the present action, which was commenced May 5, 1897.

It is perhaps true that this is a case of first impression in the courts of this State, and certainly our reports do not show that any action of the kind has ever been tried before a Delaware tribunal. It is necessary, therefore, we think, that the Court should take some pains to explain to you the law applicable to such a case, in order that you may apply the law to the facts as you have heard them and arrive at a just conclusion.

Although a case of criminal conversation or of the alienation of a wife's affections in our courts is a new one, nevertheless the action is an old one, and has been frequently resorted to in other jurisdictions. The husband is entitled to the society, comfort, fellowship, assistance and services of his wife, and whoever, by the alienation of her affections, deprives him thereof, commits a wrong against the husband for which he is liable to respond in damages.

Criminal conversation, as above stated, is an action for damages caused by adultery with the wife, and the husband's injury by the wrong consists in his mental suffering from the dishonor of the marriage bed, and the loss of the affections of his wife and the comfort of her society, as well as the pecuniary loss of her services; and where the basis of the action is the alienation of the wife's affections, the measure of damages is the value of her services and marital consort; that is, her conjugal society, affection and assistance; less, however, in either case, the value of the performance of the husband's duty to support, clothe, cherish and care for her. *3 South on Damages, Sec. 1285; Rudd vs. Rounds, 25 ( Vt.) Atl. Rep., 438.* In either case, according to the the modern doctrine and the later decisions, the action is based mainly on what is termed the "loss of the consortium;" that is, the loss of the conjugal society, affection, and assistance of the wife, and it is not essential to the maintenance of the action that there should be any pecuniary loss whatever.

In actions of this character there are two kinds of defense, the one going to the complete bar and absolute defeat of the action, and the other going not to the bar of action, but in mitigation or reduction of the damages. A defense of the first kind

is the consent of the husband to the act complained of; for it is a general rule of law that no one can maintain an action for a wrong when he has consented or contributed to the act which occasions the loss.    When an action is brought, like the present, the law is now clearly settled to be that if the husband consents to his wife's acts it goes in bar of the action.    *Bunnell vs. Great-head, 49 Barb. 106.*    And such a rule of law is supported by the clearest reason and is based on the soundest principles.    Because it is abhorrent to every principle of justice and right that a husband should procure or even consent to the infamy or misconduct of his wife, and seek to profit by the wrong for which he is responsible.

In the matter of mitigation of damages, which is the second-class or kind of defense referred to, there are many things which may be considered, and which it is right and proper that the jury should consider so far as disclosed by the testimony produced in the case.    The extent of the actual injury to the husband will of course depend on the prior relations between him and his wife, and the practical consequences between them of her defection. Evidence in mitigation or reduction of damages will, therefore, be received which tends to show that the plaintiff has in fact suffered less injury than would otherwise be a probable inference from the act complained of.    It is proper, therefore, for you to consider, in mitigation of damages, any evidence which shows that prior to the wife's relations with the defendant the relations between her and her husband were unhappy; that they were wanting in affection for each other; that there was but slight intercourse between them; that he was cruel or unkind in his treatment of her; that he failed to support her, and any misconduct on his part tending to show their unhappy relations or lack of affection.    And if the husband be guilty of negligence or loose and improper conduct respecting the wrongful act of the wife, but not amounting to consent, it goes in mitigation of damages. The fact that a husband is living apart from his wife may likewise be shown in mitigation or reduction of damages, but it is not a bar to the action itself, and certainly not if he has not renounced his marital rights and permanently and totally given up all advantage to be gained from the society of his wife.    *Cross*

*vs. Grant, 62 N. H., 675.* And the reason of the rule is that any unhappy relations existing between the plaintiff and his wife, not caused by the conduct of the defendant, may effect the question of damages, but they are in no sense a justification of the defendant's conduct. They are allowed to affect the damages, not because the acts of the defendant are less reprehensible, but that the condition of the husband is such that. the injury which such acts occasion is less than otherwise it might have been. As was well said by the learned Judge in the case of *Cross vs. Grant,* "By a separation the husband may as to his wife have lost his legal right to the comfort and solace of her society, but not as to all the world. Although separated from her husband, and by his fault, she remained his wife until divorced, and for her support he is liable. The separation does not release him from his marital duties. There is always a hope of reconciliation. The proper nurture, training and instruction of children require the united labor and affection of both parents. Their mutual comfort and support, and the good of society, require that they should live together in one family. The policy of the law encourages them, if living apart, to . come together again. Reconciliation would or should be followed by purity in their marriage relations and happiness in .their home."

The fact of the separation, however, and the circumstances under which it occurred, are very material to be considered by the jury as showing the relations of the husband and wife, and whether on account of such relations the husband lost much or little by reason of the acts and conduct of the defendant.

We will not enter into a discussion of certain of the legal questions raised by the prayers in this case, because such a discussion would probably confuse rather than aid you in the discharge of your duties. We will, therefore, content ourselves with the statement of our conclusions upon such questions without setting forth at length the reasons upon which such conclusions are based.

The divorce granted by the Legislature to Mrs. Prettyman, May 26, 1897, may be and should be considered by you in mitigation of damages, if you should think the plaintiff entitled to recover damages, because the plaintiff would not be entitled to

any compensation for the loss of the affection, society and services of his wife after she ceased to be his wife. Although it is true as Mr. Bishop has said in his valuable work on Marriage and Divorce, Vol. 1, Sec. 1465, "That a legislative divorce equally with a judicial one, snaps the vinculum of the marriage, and that whatever hangs upon it falls," yet the learned author in laying down that proposition illustrates its meaning by referring to the next section, which is as follows : "If the man dies the woman will not be his widow entitled to dower and a portion of his personal property. He will not on her death be authorized to hold her lands as tenant by the courtesy; but on the contrary his interest and that of his grantees and representatives, in them and in her choses of action ceases. This is not a divesting of vested rights." The learned writer did not mean, and it cannot be the law, that the divorce would be a bar to an action like the present, brought for an injury to the marital relations prior to the divorce, and which action is not based upon the existence of such relations at the time of the commencement of the suit. (See also Sections 1440 and 1441 of the same Volume). In the case of *Wales vs. Miner, 89 Ind., 121*, which was an action for criminal conversation, the Supreme Court say—"The fact that a divorce may have been granted to the plaintiff a few days before the bringing of the suit would not destroy the appellee's right of action; that might be means of perfecting it." * * * * "The action is brought for the injury and destruction of the plaintiff's marital relations, and is not based upon their then existence." In *Michael vs. Dunkle, 84 Ind., 544* (Supreme Court), which was an action by the husband for criminal intercourse with his wife accomplished after a final separation from her, which is followed, before the commencement of the action, by a divorce granted to her on account of his cruelty, it was insisted that upon the facts the husband was not entitled to recover. The Court said—"We think otherwise." * * * *

"It would not be in the interests of good order and the public morals to permit the seducer of a wife to set up a disagreement, or even a separation, between her and her husband,

as a complete defence to an action by the latter for the wrong. '' In this case the husband permitted his wife, without resistance, to obtain a divorce.

But, gentlemen of the jury, in order to find a verdict for the plaintiff in this case you must be satisfied from the testimony, and you must be satisfied by the preponderance, that is, the weight of the testimony, that the defendant committed the injury or wrong of which the plaintiff complains. If you believe that the acts and conduct of the defendant were the controlling cause of the wrong or injury complained of, and without which it would not have occurred, the action could be maintained, although there were other causes contributing thereto. Such is the rule of law laid down in the case of *Hadley vs. Heyward, 121 Mass., 236,* and we think it is a very correct statement of the law. But if, on the contrary, you believe that such wrong or injury occurred by reason of the cruelty or misconduct of the husband, the plaintiff, and are not satisfied from the testimony that the acts and conduct of the defendant were the controlling cause, then your verdict should be for the defendant; unless you believe that the defendant by obtaining the affections of the wife prevented or obstructed a reconciliation between the husband and his wife, which the policy of the law as well as the good of society encourages and demands. Because even if the wife had no affection for her husband, another person has no right to interfere to cut off all chance of its springing up in the future.

*Fratini vs. Caslani, 29 ( Vt.) Atl., 252; Dallas vs. Sellers, 17 Ind., 479.*

The fact, however, that the plaintiff and his wife lived unhappily together before the defendant appeared and even were much estranged, would not constitute a bar to the plaintiff's action, but would go, as we have already said, in mitigation of damages.

If, however, the conduct of the husband has been such as to justify the wife in leaving him, he cannot maintain an action against another who assists her, or receives or harbors her, provided his assistance is rendered from motives of humanity and

not from an evil motive or purpose, or in bad faith toward the husband.

*1 Bishop on M. & D., Sec. 1362.*

If you should conclude, after carefully and fairly considering and weighing all the testimony as you have heard it from the witnesses, and applying the law as the Court has declared it to you, that the defendant committed adultery with the wife of the plaintiff, then your verdict should be for such amount as in your judgment will compensate the plaintiff for his mental suffering from the dishonor of the marriage bed, and the loss of the affection of his wife and the comfort of her society, as well as the pecuniary loss of her services. It is for you to say whether from the evidence it is shown that the defendant did commit adultery with the wife of the plaintiff. If you should believe that there is no proof of adultery in this case, but are satisfied that the defendant did alienate the affections of plaintiff's wife, your verdict should be for such amount as in your judgment will compensate the plaintiff for the loss of his wife's services and the marital consort; less however, in either case, the value of the husband's duty to support, clothe, cherish and care for her; provided, however, that in no event can you award damages for any wrong or injury committed prior to the fifth day of May, 1894, that being three years before the commencement of the present action which was entered on the fifth day of May, 1897.

We will say to you, gentlemen of the jury, that if you believe from a preponderance of the evidence that the defendant wilfully and maliciously committed the injury or wrong complained of in this action, you may in addition to any compensatory damages that you think him entitled to, award to the plaintiff such damages as you may consider proper as a punishment to the defendant and an example to others. But we say to you that such damages are based on the enormity of the offence and its malicious, wilful and aggravated character, and you must be satisfied that such was the character of the offense before you can award damages of this kind. It has been held by this Court heretofore that, "It was a question for the jury to say whether

there were circumstances of aggravation in the case which ought in their judgment to require a departure from the general rule of compensatory damages, and which called on them to add anything by way of public example or punishment. ''

Verdict for plaintiff for $1,000.00.