By the Court:
Since the undertaking for an appeal was entered into within ten days after the order made by the justice on the third day of July, but not within ten days after the judgment entered on the twenty-first day of June, we are required to determine which was the final judgment from which an appeal might be taken under section 6583 of the Revised Statutes.
*59 It is admitted that the judgment immediately following the return of the verdict on the twenty-first day of June, was regularly rendered in accordance with the duties of the justice as defined by the statute. Was it vacated or annulled by the subsequent motions of the parties or the orders of the justice? The authority of a justice to set aside a verdict, and the time and manner of the application for its exercise, are conferred and defined by section 6560 of the Revised Statutes. It provides that the aggrieved party’s application for that purpose “must be by written motion, setting out the ground for a new trial, and must be filed with the justice within two days after the judgment, is entered, and must be determined by the justice within five days after the entry of judgment.”
The view generally taken that the liberality exercised with respect to the proceedings of justices of the peace in the exercise of their jurisdiction will not be extended to cases involving their jurisdiction is required by section 4 of article 9 of the constitution. It provides for the election of such officers and, without conferring upon them any jurisdiction, that “their powers and duties shall be regulated by law.” The power is, therefore, necessarily limited by the terms of the act granting it. The mandatory terms of the statute in question very clearly limit the power of the justice to set aside a judgment which he had entered according to law, to five days from its rendition. Being, therefore, without authority at the time of making them, his orders were ineffectual to vacate the judgment entered on the twenty-first day of June, and it was and continued to be the final judgment in the case.
*60 This view of statutes conferring authority upon justices, has been taken by this court in Dunlap v. Robinson, 12 Ohio St., 530, and Eaton v. French, 23 Ohio St., 560. The same view was taken of a provision identical with this in Vogel v. Lawrenceburgh Tobacco Manufacturing Company, 49 Ind., 218.

Judgment affirmed.