NELLIE C. DALEY v. MAE E. GATES.

WASHINGTON COUNTY, 1893.

Before: TAFT, ROWELL, MUNSON AND START, JJ.

*Amendment.   When cause of action is the same.*

1. The question, when an amendment is for the same cause of action, considered.

2. The original declaration charged ·that the defendant had enticed away the husband of the plaintiff *per quod consortium amisit.*   The new count charged criminal conversation with him, with the same *per quod. Held*, for the same cause of action.

Action on the case.   At the term to which the writ was returnable the plaintiff filed a new count, which the defendant moved to dismiss for that it contained a new cause of action.   Heard upon this motion at the September term, 1892, Ross, Ch. J., presiding.   The court held, as a matter of law, that the cause of action was the same and overruled the motion.   The defendant excepts.   The case appears in the opinion.

*W. B. C. Stickney* for the defendant.

Whether the new count was for the same cause of action was a question of fact, and the court erred in holding that it was as matter of law.   *Boyd* v. *Bartlett*, 36 Vt. 12 ; *Lycoming Fire Ins. Co.* v. *Billings*, 61 Vt. 310 ; *Geroux's Admr.* v. *Graves*, 62 Vt. 280 ; *Hill* v. *Smith*, 34 Vt. 535 ; *Haskins* v. *Ferris*, 23 Vt. 673 ; *Dana* v. *McClure*, 39 Vt.

197 : *Brodek & Co.* v. *Hirchfield*, 57 Vt. 12 ; *Tillotson* v. *Prichard*, 60 Vt. 94 ; *McDermid* v. *Tinkham*, 53 Vt. 615 ; *Stephens* v. *Thompson et al.*, 28 Vt. 77 ; *Trescott* v. *Baker*, 29 Vt. 459, 463 ; *Hill* v. *Smith & Carpenter*, 34 Vt. 535, 540 ; *Carter, Rice & Co.* v. *Hosford*, 48 Vt. 433.

*Lord & Boynton* for the plaintiff.

The gist of the action set forth in each of the counts is the same, hence they may be joined.  2 Chitty Pl. (Ed. of 1859), p. 642 and note ; 2 Greenl. Ev. s. 4 note.

The opinion of the court was delivered by

ROWELL, J.  The original declaration charges that the defendant enticed away plaintiff's husband, *per quod consortium amisit*.  The new count charges criminal conversation with him, with the same *per quod*.

An amendment cannot be allowed that introduces a new cause of action.  But as long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action.  The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony.  *Cassell* v. *Cooke*, 8 S. & R. 268 (11 Am. Dec. 610) ; *Stewart* v. *Kelly*, 16 Pa. St. 160 (55 Am. Dec. 487) ; *Maxwell* v. *Harrison*, 8 Ga. 61 (52 Am. Dec. 385) ; *Stevenson* v. *Mudgett*, 10 N. H. 338 (34 Am. Dec. 155 and note).

This rule is variously illustrated by the cases.  Thus, in *The Executors of the Duke of Marlborough* v. *Widmore*, 2 Stra. 890, the plaintiffs declared as executors on a promise to the testator, but were allowed to amend by declaring on the promise as made to themselves.  So in *Ten Eyck* v.

*Delaware & Raritan Canal Co.*, 4 Harr. (N. J.) 5, plaintiff was allowed to amend by declaring for another injury occasioned by the same wrongful act originally complained of. In an action for goods sold and delivered you may amend by adding a count for not accepting the goods. *Mixer* v. *Howarth*, 21 Pick. 205. So in covenant, you may amend by assigning new breaches of the same covenant. *Stewart* v. *Kelley*, cited above. You may also amend by declaring on another covenant in the same instrument, if both covenants and the breach thereof relate to the same thing. *Boyd* v. *Bartlett*, 36 Vt. 9; *Tillotson* v. *Prichard*, 60 Vt. 94. A declaration on a warranty can be amended by showing that the warranty covered things not originally declared for. *Church* v. *Syracuse Coal and Salt Co.*, 32 Conn., 372.

If an action of this kind can be maintained by a wife, concerning which we are not called upon to express an opinion, the cause of action is the wrongful deprivation of the plaintiff of that to which she is entitled by virtue of the marital relation, namely, the *consortium*, or the conjugal society, affection, aid and assistance of her husband. *Bennett* v. *Bennett*, 116 N. Y. 584; *Rinehart* v. *Bills*, 82 Mo. 534 (52 Am. Rep. 385); *Foot* v. *Card*, 58 Conn. 1 (18 Am. St. Rep. 258); *Westlake* v. *Westlake*, 34 Ohio St. 621 (32 Am. Rep. 397); *note to Shaddock* v. *Clifton*, 94 Am. Dec. 593; Bigelow's Lead. Cas. on Torts, 337; Cooley, Torts (1st Ed.), 224; 1 Chit. Pl. (*134).

It follows, therefore, that the injury complained of in the original declaration and the injury complained of in the new count are one and the same injury, namely, the loss of *consortium*, and that the new count is but the statement of another way in which that injury was committed, of another ground for demanding the same thing, namely, damages for said loss, the identity of the cause of action being preserved.

If you can amend by declaring for another injury occa-

38

sioned by the same wrongful act, why can you not amend by declaring for the same injury as occasioned by another wrongful act? And this you virtually do when you amend by assigning a new breach of the same covenant; but you are seeking the same thing all the time, namely, damages for the breach of *that* covenant.

That the new count in this case is for the same cause of action is as clearly shown by the record as it could be *dehors* the record.

*Affirmed and remanded.*

Munson, J., dissents.