## JOSEPH FRATINI v. SEVERINO CASLINI.

### JANUARY TERM, 1894.

*Alienation of wife's affections. Evidence. State of feeling between husband and wife. Certificate of marriage. Partial alienation.*

1.  The question being upon the admissibility of a marriage certificate, evidence that the parties were married by a priest in church and there received the certificate, tends to show that the certificate was given them by the priest who performed the ceremony, and that the signature on it purporting to be that of the officiating priest is genuine.

2.  In an action for alienation of the wife's affections, evidence may be introduced as to the state of feeling between the plaintiff and his wife previous to her connection with the defendant, but not afterwards; and such state of feeling may be shown by what they have said and written to and of each other.

3.  The copy of a record of a conviction of the plaintiff for an assault upon his wife was offered and excluded by the trial court. *Held*, it not appearing that such conviction was upon a plea of guilty, correct.

4.  There may be such a thing as a partial alienation of a wife's affections, and even if a wife has no affection for her husband a stranger has no right to interfere and cut off all chance of its springing up in the future.

Case for alienation of the affections of plaintiff's wife. Plea, not guilty. Trial by jury at the March term, 1893, Washington county, TAFT, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

*W. A. & O. B. Boyce* and *John G. Wing* for the defendant.

The marriage certificate was inadmissible. *Territt* v.

*Woodruff*, 19 Vt. 182 ; *Adams* v. *Gay*, 19 Vt. 358 ; *Hutchins* v. *Kimmell*, 31 Mich. 126 ; *Nixon* v. *Brown*, 4 Blackf. 157.

*Barney & Hoar* and *J. W. Gordon* for the plaintiff.

The marriage certificate was admissible, *State* v. *Schweitzer*, 57 Conn. 532 ; *Northrup* v. *Knowles*, 52 Conn. 522 ; Swift Ev., p. 5 ; *State* v. *Colby*, 51 Vt. 291.

Evidence of what the wife said about plaintiff after trouble over defendant began between them was inadmissible. 2 Phil. Ev. (4th Ed.) p. 212 ; *Palmer* v. *Crook*, 7 Gray 418 ; 1 Greenl. Ev. s. 102 ; *Trelawney* v. *Coleman*, 2 Stark. 191 ; *Willis* v. *Barnard*, 8 Bing. 376 ; *Elsam* v. *Fawcett*, 2 Esp. 562 ; *Winters* v. *Wroot*, 1 M. & A. 404 ; *Gilchrist* v. *Bale*, 8 Watt. 355 ; *Thompson* v. *Trevanin*, Skin. 402 ; *Edwards* v. *Cook*, 4 Esp. 39 ; *Wilton* v. *Webster*, 7 C. & P. 198.

The copy of the record of a conviction of the plaintiff for an assault upon his wife was properly excluded. *Robinson* v. *Wilson*, 22 Vt. 35 ; *Quinn* v. *Quinn*, 16 Vt. 426.

In cases of this sort the plaintiff has a right of action although he shows no affection in fact upon the part of the wife for him. *Bigaouette* v. *Paulet*, 134 Mass. 125 ; *Chambers* v. *Caulfield*, 6 East 244 ; *Wilton* v. *Webster*, 7 C. & P. 198 ; *Yundt* v. *Hartrunft*, 41 Ill. 9.

ROWELL, J. Case for alienating the affections of plaintiff's wife and for criminal conversation with her.

In order to make admissible what purported to be a certificate of plaintiff's marriage it was necessary to show that it was signed by the priest who performed the ceremony. Plaintiff testified that he was married in church at New London, Conn., and that at the time of the ceremony the certificate of his marriage that he produced was given to him. The father of plaintiff's wife testified that he was present and

saw the parties married, and saw said certificate given to them at the time of the marriage.    Although neither witness testified directly that it was the priest who gave the certificate, yet it is fairly inferable from their testimony that it was he; and that being so, the fact that he gave it was evidence tending to show that the signature attached thereto, purporting to be that of the officiating priest, was his; hence the certificate was admissible.    An intimation to the like effect is made in *State* v. *Colby*, 51 Vt. 291.

Plaintiff and his wife quarrelled the night before she left him. and defendant offered to show what she subsequently said about it, for the purpose of showing on what terms they were then living.    Trouble concerning plaintiff's wife began between these parties about the middle of April, which was some time before she left.    Defendant also offered to show generally her complaints and declarations of and concerning her husband's treatment of her, made after trouble began as aforesaid, but was limited in time to those made before trouble began; and this was right.    In actions for criminal conversation it is relevant to inquire into the terms on which the husband and wife lived together before her connection with the defendant, and it is usual to give evidence of what they have said or written to or of each other, in order to show their mutual demeanor and conduct, and whether they were living on good or bad terms.    It is, however, always required that proof should be given that the declarations or letters of the wife, when the husband is the plaintiff, purporting to express her feelings, were made or written prior to the existence of any facts calcalated to excite suspicion of misconduct on her part, and when there existed no ground to suspect collusion.    1 Phil. Ev., * 182; 1 Greenl. Ev., s. 102; 1 Whart. Ev., s. 225.

This rule, and the reason of it, are as applicable to the counts for alienating affections as to the count for criminal conversation, for the cause of action is the same in all,

namely, the loss of _consortium_. _Daley_ v. _Gates_, 65 Vt. 591; _Cross_ v. _Grant_, 62 N. H. 675; 13 Am. St. Rep. 607. The rule was applied in _Houliston_ v. _Smyth_, 2 C. & P. 22, which was for board and lodging supplied to defendant's wife while she was living apart from him on account of his cruelty. Defendant offered certain letters, purporting to have been written by his wife to him, for the purpose of rebutting the charge of cruelty. But they were excluded, because it was not shown, otherwise than by their dates, when they were written. There is nothing decided in _Rudd_ v. _Rounds_, 64 Vt. 432, that conflicts with this rule.

The copy of the record of the conviction of the plaintiff for an assault upon his wife was properly excluded, because, if for no other reason, the copy not being furnished us, it does not appear whether the conviction was on a plea of guilty. If not, it may have been, and probably was, obtained on the testimony of his wife, who is not a competent witness in this action. _Quinn_ v. _Quinn_, 16 Vt. 426; _Robinson_ v. _Wilson_, 22 Vt. 35.

It is claimed that there is no such thing as a partial alienation of a wife's affections; that in order to a recovery it devolved upon the plaintiff to show that his wife had affection for him at the time in question, and that the defendant completely alienated it from him and caused it to center on himself, and that the court should have so charged. The Supreme Court of Indiana has said in a case of this kind that if the wife had no affection for her husband the defendant had no right to interfere to cut off all chance of its springing up in the future. _Dallas_ v. _Sellers_, 17 Ind. 479; 79 Am. Dec. 489. As to the claim that there is no such thing as a partial alienation of affections, it is enough to say that experience and observation show the fact to be far otherwise.

_Judgment affirmed._