JENNIE E. MILLER *v.* EMMA O. PEARCE.

Special Term at Rutland, November, 1912.

ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 9, 1913.

*Husband and Wife—Alienation of Affections—Grounds of Re-*
*covery—Adultery—Gist of Action—Damages—Loss of Con-*
*sortium—Presumption—Justification—Cross-Examination—*
*Evidence—Conduct of Parties.*

In an action by a wife for the alienation of the affections of her hus-
band where exemplary damages are claimed, plaintiff may prove the
value of defendant's property.

A witness was properly allowed to state that an occurrence to which he
had testified was at the time the subject of conversation between
himself and another, as that specified a ground for his recollection
and tended to strengthen it.

The extent of cross-examination is largely within the discretion of the
trial court.

In an action by a wife for the alienation of the affections of her
husband, where the husband as witness for defendant testified that
his relations with defendant were merely friendly, and that he
took a lease of defendant's barn and kept his horses there, it was
well within the discretion of the court to allow plaintiff on cross-
examination to elicit from the witness that he knew when he took
the lease that there had been and then was public discussion
about his associations with defendant, and that the publicity had
decreased his business.

Where the foundation had not been laid for the impeachment of a
witness in respect of a conversation to which he testified, it was
within the discretion of the trial court to allow the impeaching
witness to testify, and thereafter to have the impeached witness
examined by the parties as to what was said.

It was not error to exclude statements made by a third person to
plaintiff in the course of a talk between plaintiff and witness,
where it did not appear what the third person said, nor that

any unfavorable inference could be drawn against plaintiff because of her silence.

In an action by a wife for the alienation of the affections of her husband, the fact that the wife was wholly estranged from her husband goes only in mitigation of damages.

In an action by a wife for the alienation of the affections of her husband, though both compensatory and exemplary damages are claimed, defendant is not entitled to a charge that her acts that caused the alleged injury must have been malicious, for exemplary damages do not go to the right of recovery, but only to the amount thereof in the discretion of the jury.

In an action for the alienation of the affections of plaintiff's husband by committing adultery with him, the injury complained of is the loss of *consortium*, and so, on proof of the adultery, defendant is liable, regardless of whether she was the seducer or the seduced, for loss of *consortium* necessarily results from the adultery.

The only difference between an action for the alienation of the affection of a spouse by persuasion and alienation by adultery is that in the former resultant loss of *consortium* must be proved, while in the latter the law conclusively presumes it.

CASE for alienation of the affections of plaintiff's husband. Plea, the general issue. Trial by jury at the September Term, 1910, Rutland County, *Waterman,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for the defendant.

*T. W. Moloney* for the plaintiff.

ROWELL, C. J. This is case for alienating the affections of plaintiff's husband. It was proper to allow Cahee to testify to the value of the defendant's house, for exemplary damages were claimed. *Rea* v. *Harrington,* 58 Vt. 181, 188, 2 Atl. 475, 56 Am. Rep. 561.

It was also proper to allow the witness Bresee to say that the occurrence to which he testified about the defendant's motioning plaintiff's husband into Baker's drug store and there drink-

ing soda with him was the subject of remark between him and Baker, for it specified a ground for his recollection and tended to strengthen it. I Wig. Ev. §730. This rule is illustrated and its limitations stated in *Detroit etc. R. R. Co.* v. *Van Steinburg*, 17 Mich. 99. The same may be said of Howland's testimony that the presence of the defendant on a street in Brandon at a certain time was the subject of remark in a certain office there.

The plaintiff's husband was a witness for the defendant, and testified that his relations and associations with her were merely the friendly relations and associations of a gentleman and a lady, and entirely proper in all respects, and always with due regard to propriety. He also testified that he took a lease of defendant's barn at one time, and kept his horses there. On cross-examination he said that this suit was pending when he took the lease and moved in his horses, which, it appeared, he took care of himself mornings and nights. The cross-examiner was then allowed to elicit from him that he knew when he took the lease that there had been and was public discussion and sentiment about his associations with the defendant, and that he testified about a year after he brought a petition for divorce against his wife,—which was while this suit was pending,—that said publicity had decreased his business more than threefold. Large scope is allowed to cross-examination, the extent of it in a given case being left largely to the discretion of the trial court. 2 Wig. Ev. §944; *Stevens* v. *Beach*, 12 Vt. 587, 36 Am. Dec. 359; *Hathaway* v. *Crocker*, 7 Met. 266. Here the cross-examination was well within the discretion of the trial court if not within the right of the defendant, and so no error.

The defendant called the officer who served the petition for divorce on the plaintiff, and showed by him a conversation he had with her at the time in the house and the presence of Miss Griswold. The plaintiff called Miss Griswold in rebuttal to testify to that conversation. The defendant objected that the officer could not be impeached without first inquiring of him about it. The officer not being present at the time, the court said that the witness might be examined and the officer called later if necessary, and thereupon the witness was examined. Later, the officer was called by the plaintiff and examined by both sides as to what was said. The course taken by the court was entirely discretionary, and so no error here.

Nor was it error to exclude talk to the plaintiff by Miss Griswold in which the officer did not participate and to which the plaintiff made no reply, especially as it does not appear what Miss Griswold said, nor that any unfavorable inference could be drawn against the plaintiff because of her silence.

The defendant seasonably moved for a verdict, because there was no evidence tending to support the declaration; none tending to show that defendant interfered, or in any way undertook or tried, to alienate the affections of plaintiff's husband; and because the entire evidence showed that the plaintiff was entirely estranged from her husband before the commencement of his acquaintance with the defendant. This motion was rightly overruled. We take no time with the last ground of it, for if true, it would not defeat recovery but go only in mitigation of damages. *Fratini* v. *Caslini,* 66 Vt. 273, 29 Atl. 252, 44 Am. St. Rep. 843; *Lewis* v. *Roby,* 79 Vt. 487, 65 Atl. 524, 118 Am. St. Rep. 984.

The other ground of the motion is not well founded, for the testimony on the part of the plaintiff clearly tends to show what the motion says it does not, namely, that the defendant did interfere, and did undertake and try, to alienate the affections of plaintiff's husband.

The defendant requested a charge that in order to recover it must affirmatively appear that she was the seducer and enticer, and that the plaintiff could not recover if it appeared that her husband enticed her into unlawful relations with him. The defendant excepted for noncompliance with this request, and now says that the court applied it only to "enticing, inducing, and persuading," whereas she had a right to have it cover *seducing* also, claiming that unless she was the acting and seducing party there could be no recovery. But "enticing, inducing, and persuading" by the defendant were certainly sufficient as to all the elements of recovery except the "unlawful relations" mentioned in the request, which we take to mean criminal conversation, and whether as to those relations, seduction by the defendant was necessary to recovery will be considered later.

The defendant also excepted to the failure to charge as requested that intentional alienation must be shown. But the charge shows a substantial compliance with this request. She also excepted to the failure to charge as requested that her acts that caused the alleged injury must have been malicious. This

was not charged, which is claimed error because both compensatory and exemplary damages were claimed. But that makes no difference, for exemplary damages do not go to the *right* of recovery, as the request assumes, but only to the *amount* of recovery in the discretion of the jury.

The declaration alleges adultery as one means of alienation. The court charged without qualification that if adultery was found, the plaintiff should recover, as the law would presume alienation. To this the defendant excepted generally, and claims that notwithstanding the allegation of adultery, the action is purely for alienation and not at all for *crim. con.*, but that the court "mixed" the law of these two actions, whereas it should have applied only the law relative to actions for alienation, and therefore should have told the jury that the plaintiff could not recover on the ground of adultery unless the defendant was the seducer, which the court did not do, but left it in a way that the plaintiff might recover on that ground though her husband was the seducer and the defendant the seduced, which might have been proper, it is said, had the action been for criminal conversation,—if such an action can be maintained against a woman, which is denied *arguendo*,—for there the seduction, the act itself, is the gist, while here the loss of *consortium* is the gist, and therefore the defendant must be the seducer, otherwise no protection is afforded to a woman who is likely to have been overcome by persistency or force and without intent on her part.

It is to be noticed that the defendant is not claiming that this action cannot be maintained against her at all on the ground of criminal conversation, but only that it cannot be without showing that she was the seducer as to that, any more than it can be on the other ground alleged without showing that she was the enticer, inducer, and persuader as to that. So the question is, on this point, and the only question, whether it was necessary to recovery on this ground that it should be found that she was in fact the seducer.

It is claimed in support of the affirmative of this proposition that an action for alienation of affections is absolutely different and distinct from an action for criminal conversation, and that all text-books and authorities treat them as entirely different in nature, and some cases are cited to that effect. But however this may be elsewhere, it is not so here. Thus, in *Daley* v. *Gates,*

65 Vt. 591, 27 Atl. 193, the original declaration charged that the defendant enticed away plaintiff's husband, *per quod consortium amisit.* A new count was filed charging criminal conversation with the same *per quod.* The question being whether the new count was for the same or a different cause of action, this Court said that the injury complained of in the original declaration and the injury complained of in the new count were one and the same injury, namely, the loss of *consortium,* and that the new count was but the statement of another way in which the injury was committed, of another ground of demanding the same thing, namely, damages for said loss, the identity of the cause of action being preserved. This doctrine is recognized in *Fratini* v. *Caslini,* 66 Vt. 275, 29 Atl. 252, 44 Am. St. Rep. 843, and *Knapp* v. *Wing,* 72 Vt. 327, 47 Atl. 1075.

It remains to consider whether it makes any difference in law whether the defendant was the seducer or the seduced. We think it does not, for seduction, unlike rape, does not preclude consent, but gains it by persuasion, procurement, and enticement, leaving the seduced a willing participant in the wrong; and the act of adultery itself, subject to all the consequences that the law attaches to it, one of which is, in actions like this, that the loss of *consortium* necessarily results from it, regardless of which party is the seducer; and thus is the cause of action perfected, and the right of recovery established. *Lellis* v. *Lambert,* 24 Ont. App. 653, 663.

In *Houghton* v. *Rice,* 174 Mass. 336, 54 N. E. 843, 47 L. R. A. 310, 75 Am. St. Rep. 351, one woman sued another woman for alienating the affections of her husband. On demurrer the court held that the declaration was bad in substance at common law if the action was by the husband against another man, and that no statute gave the wife any greater right than the husband had in actions of that nature, which means, of course, that the substantive law of the case is the same whichever sues. In speaking of the absence of an allegation of adultery as a cause, the court said that when the husband sues, the allegation is, debauchment and carnal knowledge of the wife; that alienation of her affections is mere matter of aggravation, and the loss of *consortium* the actionable consequence of the injury; that the adultery is the essential fact to be proved, without which the action cannot be maintained. In *Lellis* v. *Lambert* above cited,

to which the court refers, it is said on this subject at page 663, that it is essential and sufficient to prove the mere fact of adultery, and if it is not proved presumptively or directly, the plaintiff fails.

It is manifest, therefore, that the only difference between alienation by persuasion and alienation by adultery is, that in the former you must *prove* resultant loss of *consortium,* while in the latter the law conclusively *presumes* it.

In *Hart* v. *Knapp,* 76 Conn. 135, 55 Atl. 1021, 100 Am. St. Rep. 989, one woman sued another woman for alienating the affections of her husband by committing adultery with him. The defendant claimed in bar of recovery that she did not seduce plaintiff's husband but that he seduced her. But the court held that that made no difference, and the plaintiff had judgment; and on a ground from which it may be deduced that carnal knowledge of the husband is as much a civil injury to the wife, as carnal knowledge of the wife is a civil injury to the husband.

In *Scott* v. *O'Brine,* 129 Ky. 1, 110 S. W. 260, 16 L. R. A. (N. S.) 742, 130 Am. St. Rep. 419, the court criticised *Hart* v. *Knapp* as being contrary to the weight of authority. But it had no occasion to say anything about that case, for adultery was not involved in the case before it, nor did the court take note of the difference above pointed out between alienation by persuasion and alienation by adultery.

*Judgment affirmed.*