## UNITED STATES v. GRABINA.
### No. 252.

Circuit Court of Appeals, Second Circuit.
May 19, 1941.

Harry G. Herman, of New York City, for appellant.

John T. Cahill, U. S. Atty., of New York City (Delores C. Faconti, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant, Josek Grabina, was born in Warsaw, Russia, in 1904 and came to this country as an immigrant from Poland in 1923. Pursuant to naturalization proceedings had in the Supreme Court of the State of New York for Bronx County he obtained in 1930 a certificate of citizenship. in the name of Joseph Ginsberg. Six years later the present suit was brought under 8 U.S.C.A. § 405 to cancel such certificate on the ground that it had been fraudulently and illegally procured. The suit was evidently instigated by a Jewish charity organization which charged that the appellant deserted a wife and child when he left Poland. The fraud alleged in the complaint is that in his declaration of intention to become a citizen and in his petition for naturalization Grabina stated falsely that his name was Joseph Ginsberg and he was not married, and failed to disclose that he had a child. The district judge found the first two issues against the appellant and made no finding as to his alleged paternity. A decree cancelling the certificate of citizenship was entered June 14, 1940.

The statutes require an applicant for citizenship to "state his full name." 8 U.S.C.A. §§ 373, 379, 409. The appellant testified that he entered the United States under the name Grabina and adopted the name Ginsberg when he filed his first papers because four brothers who had preceded him to this country were using that name; and he so explained to the young lady who made up his affidavit. The use of the name Ginsberg was not intended to deceive and, so far as appears, did not deceive the officials who passed upon his eligibility for naturalization. His declaration of intention and his petition gave the date of arrival, the name of the vessel and the port at which he entered. Anyone checking his entry must have known that he entered as Josek Grabina. Although the findings recite that "he did not give his true and correct name in said declaration of intention and petition of citizenship", the opinion below makes no mention of this alleged defect in his papers, and it is evident that cancellation of his certificate of citizenship was granted solely on the ground of his concealment of his marriage. Indeed, this is the sole ground urged by the appellee in support of the decree. We pass therefore to a consideration of the evidence introduced to support that charge.

It consists of exhibits 6 and 7, both of which were received over the appellant's objection. Exhibit 7 is plainly incompetent. It is a translation of testimony given in an ex parte proceeding in a Polish court, by a woman who swore that she was the appellant's wife, after identifying the photograph attached to a copy of his certificate of naturalization, and by a man who swore that he was present at their marriage. Since it was improperly admitted in evidence over objection, it must be disregarded. This leaves only exhibit

6 to support the decree. The translation of this exhibit reads as follows:

"District of Ostrow — For purposes of records of population and military list.
Township of Poreba
Village of Poreba
Parish: Synagogue District Poreba

"Extracts from Certificate of Marriage issued in accordance with records of Vital Statistics for year 1923, No. 8.

"We declare that Josek Grabina, age 19, son of Icko and Szprynca Grabina nee Rajczyk, resident of the village of Udrzyn, township of Poreba and Szejna-Malka Lewer, age 19, daughter of Chaim-Jankiel and Chaja Lewer nee Czapkiewicz, resident of the village and township of Poreba, were married on October 10, 1922 /one thousand nine hundred two/.

"I certify to the conformity of this extract with the original.

Poreba, January 23, 1926
Civil Recording Officer
Mayor of the township of Poreba:
"/—/ Josef Kaminski"

"Seal."

This document in authenticated by a certificate of the vice consul of the United States at Warsaw, Poland, but his certificate does not comply with the requirements of Rule 44, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or 28 U.S.C.A. § 695e, because it does not certify that the mayor of Poreba is the "lawful custodian" of the record of which exhibit 6 is an "extract". Hence the document was incompetent if objection were properly taken to its admission. The appellee, however, contends that counsel's objection was too limited to permit this point to be now raised. When the exhibit was offered counsel for appellant objected "on the ground that it is an extract of a certificate and is not a certified copy of a certificate or a photostat of it; it is merely an extract." His objection was overruled.

Later, when the court referred to exhibits 6 and 7, counsel stated "I don't say they are not authenticated. I will let them stand for what they are. * * * There is nothing to show a complete record of this marriage, no rabbi's name. There is no probative force to this extract. * * *" Forfeiture of citizenship is so serious a penalty to impose upon a litigant whose counsel has failed to exclude incompetent evidence by the form of his objection that we should be reluctant to affirm the decree on this ground, but we need not do so. Even if the objection be limited as the government contends, we think it was good. The statute permits proof of "a copy" of any foreign document of record if properly certified and authenticated. Here the document of record, according to the testimony of the expert on Polish law, consists of a declaration by certain persons, who sign the record, of the fact of marriage. Any "copy" of that document should include a copy of the signatures of the declarants. See State v. Colby, 51 Vt. 291; McGarrahan v. Mining Co., 96 U.S. 316, 24 L.Ed. 630. Documentary evidence is not necessarily conclusive; it may be possible for the person against whom it is offered to contradict or explain it. The appellant had steadfastly denied that he contracted a marriage. If confronted by the names of the declarants he might have been able to strengthen his denial by testimony that he never knew the declarants or that one of them, if he purported to be a rabbi, was not in fact the rabbi of the village when the appellant lived there. In our opinion the "extract" was too incomplete to be properly admitted over that objection. The fact that an expert on Polish law testified that such a document would be received in Polish courts as competent evidence of the marriage is wholly irrelevant; it is of course the law of the United States which determines what evidence is admissible proof in our courts. Accordingly the decree must be reversed.

It is so ordered.