224

## UNITED STATES v. MIRA.
### No. 163.

District Court, S. D. West Virginia.

Oct. 2, 1941.

Oscar Tabory, of Logan W. Va., for respondent.

Chadwick W. Ketchum, Asst. U. S. Atty., of Huntington, W. Va. (Lemuel R. Via, U. S. Atty., of Huntington, W. Va., on the brief), for petitioner.

HARRY E. WATKINS, District Judge.

This action is to cancel respondent's naturalization certificate on the ground of fraud, and false statements made by respondent in his petition for citizenship.

The facts are that the respondent, a native of Italy, on the 10th day of September, 1928, filed a petition to become a citizen in the United States District Court for the Eastern District of Pennsylvania, at Philadelphia, Pa., and on the 23d day of January, 1929, was admitted to citizenship. In his petition respondent stated under oath that he arrived in the United States at the port of New York on August 6, 1913, and had resided in the United States continuously since that date, and in the State of Pennsylvania continuously since January 5, 1920. He now admits that he went to Italy in September, 1919, and was continuously absent from the United States until his return to New York on September 7, 1923, at which time he was admitted in transit to Montreal, Canada, but did not depart.

In his petition respondent also stated under oath that he was not married, and the entry in his petition as to whether he had children was left blank. Respondent admits that, in fact, he was married in Italy on December 12, 1921, and had four children by such marriage, two of whom were born on November 4, 1922, and April 7, 1924, and that the wife and these two children were alive at the time of the filing of his petition. Respondent admits that he intentionally misrepresented his marital status for the purpose of obtaining his certificate of citizenship. He told the man who helped him prepare his petition that he was married. He was informed that he had better state that he was single or he would be returned to Italy. His advisor evidently feared that a true statement of his marriage in Italy would lead to discovery of his absence from the United States and his subsequent entry as a transient only. He denies misrepresentation as to his continuous residence in the United States, stating that he was in Italy only temporarily, and intended at all times to maintain his residence in the United States. Respondent admits that if he had stated the true facts in his petition, that he would not have been able to obtain citizenship.

Respondent would justify the false statements by reason of the following facts: Respondent registered for selective service during the year 1917. In September, 1919, after World War hostilities had ceased, he returned to Italy for a short visit. Upon arrival in Italy he states that he was cited by military authorities. Although clearly establishing the fact that he was registered for military service in the United States during the war, he was imprisoned, and compelled to perform military service in Italy. He says that there was only one avenue of escape from such military service, and that was by getting married. On December 12, 1921, he was legally married in Italy. In June of 1921, the United States put into effect a restricted immigration act allowing only a certain number of aliens to enter the United States for permanent residence. 42 Stat. 5. In May of 1923, he arrived at the port of New York, where he was held for six weeks, pending the determination of his admissibility to the United States, as a returning alien, who, during prior years, had established his permanent domicile in the United States. The authorities decided against him, and respondent returned to Italy, where he was again subjected to severe punishment for attempting to leave that country. On September 7, 1923, he left his wife and an infant son, and

returned to the United States, where he was admitted at the port of New York as a transient passenger destined to Montreal, Canada, but upon his arrival at New York he did not proceed to Canada but remained in the United States. Ten months after he was granted citizenship he returned to Italy, and after a short visit with his family, came back to the United States. He again returned to Italy to visit his family in November, 1931. Otherwise, his conduct while in the United States has been good. He has been industrious and thrifty, and has regularly sent money to his family in Italy for their support. He is now engaged in a successful restaurant business. Many prominent business men and public officials have testified to his good reputation.

The discovery of the false statements were brought about by his own admissions. He has had a burning desire to get his family into this country and consulted an attorney upon the procedure to follow. He expressed a desire to disclose the true facts in his effort to get his family here, even though such disclosure might result in punishment to him. Such affection for his family and such full disclosure of his wrong must be commended. These factors, together with his good record since his admission to citizenship, arouse a degree of sympathy for him.

However, the facts stated are sufficient to constitute fraud within the terms of the statute. The certificate of citizenship must be cancelled. A decree will be made in accordance with the prayer of the petition.