UNITED STATES of America, Plaintiff-Appellee,

v.

Domenico D'AGOSTINO a/k/a Domenick D'Agostino, a/k/a Domenick Dagostino, Niagara Falls, New York, Defendant-Appellant.

No. 23, Docket 28794.

United States Court of Appeals Second Circuit.

Argued Sept. 22, 1964.

Decided Nov. 23, 1964.

John T. Curtin, U. S. Atty. for the Western District of New York, Buffalo, N. Y., for plaintiff-appellee.

Joseph P. Runfola, Buffalo, N. Y. (Alfred R. Pacini, Pacini & Runfola, Buffalo, N. Y., on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge:

D'Agostino appeals from a judgment of the United States District Court for the Western District of New York which revoked and set aside an order of March 21, 1927 admitting him to citizenship, and cancelled his certificate of naturalization. The complaint, brought pursuant to 8 U.S.C. § 1451(a), charged that in the 1927 naturalization proceedings appellant had stated falsely (1) that he had never been arrested, and (2) that he was not married and did not have any children. Judge Burke found for the appellant on the first charge and for the government on the second. As we find that the record amply supports the district court's findings that D'Agostino's statements about his marital status were false and fraudulent, we need not examine the government's contention that ' he also falsified his arrest record. Accordingly, we affirm the judgment.

■ D'Agostino advisedly raises no issue with respect to the materiality of marital status in an application for citizenship, as the failure to give truthful answers regarding marital status has long been held to be a material ground for the revocation of citizenship. Lumantes v. United States, 232 F.2d 216 (9 Cir. 1956); United States v. Mira, 41 F.Supp. 224 (S.D.W.Va.1941); United States v. Zgrebec, 38 F.Supp. 127 (E.D. Mich.1941); United States v. Albertini, 206 F. 113 (D.Mont.1913). Indeed, the Naturalization Act of 1906, which was in effect in 1927, specifically required that the petition for naturalization should state whether the petitioner was married and if the petitioner was married "the name of his wife and, if possible, the country of her nativity and her place of residence at the time of filing his petition; and if he has children, the name, date, and place of birth and place of residence of each child living at the time of the filing of his petition * * *." (Act of June 29, 1906, c. 3592, § 4, 34 Stat. 596). A false statement is sufficiently material if the matter be such that the "disclosure of the true facts might have led to the discovery of other facts which would justify denial of citizenship." Chaunt v. United States, 364 U.S. 350, 353, 81 S.Ct. 147, 149, 5 L.Ed. 2d 120 (1960).

■ Thus the sole question is whether the evidence to support the district court's finding was clear, unequivocal and convincing in accordance with the standard set by the Supreme Court. See Chaunt v. United States, supra, and cases cited therein.

The facts are not disputed as D'Agostino did not testify and called no witnesses. He was born in Reggio Calabria, Italy, on December 7, 1889, the son of Giuseppe D'Agostino and Domenica Sacca D'Agostino. On December 2, 1915, Domenico D'Agostino was married to Domenica Moscato in Reggio Calabria. On March 7, 1961, the Registrar of Vital Statistics for Reggio Calabria certified that a search of the records disclosed no document showing that this marriage was annulled or dissolved, and that three children were born of the marriage: Giuseppa, born August 30, 1916, Rosa, born September 27, 1918, and Giuseppe, born May 4, 1920.

D'Agostino entered through the port of New York on June 5, 1921 on the S.S. William Pierce. The passenger manifest showed that among those sailing from Naples on May 21, 1921, and arriving in New York was "Domenico D'Agostino. Age: 31. Sex: Male. Married or Single: M." Under "Name and complete address of nearest relative or friend in

country whence alien came" is listed, "Wife, Moscado Domenica. Orti (Reggio Calabria)." Reggio Calabria, Italy, is listed as the passenger's place of birth.

On July 23, 1921, D'Agostino filed with the Ontario County Clerk a Declaration of Intention [1] to become a citizen of the United States. The original Declaration was filled out by a clerk who took the information from a form filled out and signed by D'Agostino. All three typed copies of the Declaration were signed by D'Agostino. The original was left with the County Clerk. The duplicate copy was sent to the government. The triplicate copy was kept by D'Agostino. The Declaration stated that D'Agostino was married, that his wife's name was Domenica, and that she was born in and resided in Reggio, Italy.

Five years later, on October 21, 1926, D'Agostino filed the triplicate copy of the Declaration of Intention, together with a Petition for Naturalization, with the Niagara County Clerk. The Petition was signed by D'Agostino and indicated in the appropriate space that he was "not" married. The spaces left blank for information concerning a wife appeared to be unfilled. Judge Burke found that the information which had originally appeared in these spaces had been erased.

Naturalization Examiner Ralph White testified on the basis of his customary practice and notations on answer forms in D'Agostino's file that the appellant came before him on October 21, 1926 and in answer to a question put to him, stated under oath that he was not married. Following this, on March 21, 1927, during the proceedings in the New York Supreme Court at Niagara Falls to determine D'Agostino's fitness for citizenship, White again asked D'Agostino questions concerning his marital status and D'Agostino again stated under oath that he was unmarried. D'Agostino

thereupon was naturalized and received a Certificate of Naturalization.

Naturalization Examiner Joseph E. Geary testified that D'Agostino came before him in September, 1936, to obtain a new Naturalization Certificate to replace a mutilated one. On September 21, appellant brought his application before a notary and swore to the truth of its contents. The application then stated that he was married. The following day, D'Agostino was placed under oath by Geary and swore that he was single. Geary, according to his custom, crossed out the word "married" on the application and wrote in the word "single."

■ Appellant challenges the introduction into evidence of the copies of the Italian records which indicated that a proxy marriage had been performed between the appellant and Domenica Moscato. He contends that Italian law should have been presented by the government to the trial court in order to establish the validity of proxy marriages in Italy. There is no merit to this contention. The documents were properly attested to and certified, and were entitled to be introduced as proof of the marriage records (Rule 44(a), Federal Rules of Civil Procedure) since the records were admissible as some evidence of the marriage. See United States v. Grabina, 119 F.2d 863 (2 Cir. 1941). "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). On the basis of the Italian marriage records Judge Burke properly assumed the validity of the marriage. The fact that it was by proxy rather than by more conventional means is immaterial.

1. A Declaration of Intention was required of all applicants for citizenship at the time D'Agostino made his application. Act of June 29, 1906, c. 3592, §§ 4, 27, 34 Stat. 596, 603. It has now been made optional by 8 U.S.C. § 1445(f), Immigration and Nationality Act (McCarran-Walter Act) of June 27, 1952, c. 477, § 334, 66 Stat. 254.

Appellant next challenges the introduction into evidence of the events surrounding his 1936 application for a Certificate of Naturalization to replace the mutilated one. D'Agostino's acts in 1936 are relevant to show his intent in 1926 and 1927 to conceal the existence of his marriage, and the statements were properly admitted as some evidence of his intent to falsify the original petition. See 2 Wigmore, Evidence §§ 302, 316, 340 (3d ed. 1940); United States v. Blount, 229 F.2d 669, 671 (2 Cir. 1956). Further, the statement in D'Agostino's affidavit of September 21, 1936 that he was married is an admission constituting some evidence of his marriage, subject to such explanation as he may make. 4 Wigmore, Evidence § 1048 (3d ed. 1940).

D'Agostino did not testify and offered no evidence to controvert the government's case, and the evidence was clear and unequivocal and convincing that he obtained his naturalization by false and willful misrepresentations and by concealment of material facts with respect to his marriage and his children.

The judgment is affirmed.