## Clarence LaRocque v. Robert LaMarche

[292 A.2d 259]

No. 97-71

Present: Shangraw, C.J., Barney, Keyser and Daley, JJ., and Larrow, Supr. J.

Opinion Filed June 6, 1972

*McNamara, Fitzpatrick & Sylvester*, Burlington, for Plaintiff.

*Coffrin, Pierson & Affolter*, Burlington, for Defendant.

**Barney, J.** This is a dental malpractice case. The issue is the sufficiency of the plaintiff's evidence to make an issue for the jury, since the defendant's motion for a directed verdict was granted at the close of the plaintiff's case.

The testimony disclosed that the plaintiff had a broken lower second bicuspid which had to be removed. The plaintiff was experiencing pain and the defendant accommodated him

by fitting him in between appointments and removed the tooth. To do this he administered an anesthetic by injection. The tooth was found to be abscessed.

No problem was experienced with the removal. Instead, the claim of injury derives from the anesthetizing operation. After the pain subsided from the tooth extraction, the plaintiff continued to have pain in a slightly different area of his jaw and chin line. Various kinds of relieving treatments were tried, culminating in the surgical severing of the nerve governing sensation in the area which was giving pain.

It is the position of the plaintiff that his difficulty arose from an improper and medically ill-advised injection of anesthesia so as to injure the nerve involved. The nerves governing sensation in the lower jaw, teeth and chin enter the jaw through the mandibular foramen, an opening at the rear of the lower jaw. The nerve involved is called the inferior alveolar and is a branch of the trigeminal nerve, sometimes called the dental nerve. On each side of the jaw the inferior alveolar follows the mandibular canal forward innervating the lower teeth up to the midline of the chin. Fairly well forward on the jaw a branch of the inferior alveolar nerve exits through a jaw opening called the mental foramen. This nerve supplies feeling to the chin and soft tissue of the forward area of the jaw. It is known as the mental nerve or mental branch. The plaintiff's mental nerve was cut in the area of the mental foramen to relieve pain in that location.

The dispute about treatment relates to the two foramen or jaw openings for the passage of the inferior alveolar. In making injections of anesthesia it is important not to injure the nerve by striking it with the hypodermic needle. The testimony indicated that injection at the rear or mandibular foramen is preferred because of more effective sensory blocking and a lessened chance of injury to nerve tissue. Injections at the mental foramen apparently carry a higher risk of such injury.

Simply stated, the plaintiff claims that his dentist made the injection of anesthesia at the mental foramen, that this was improper procedure and that injury to him resulted. He says that the location of his nerve problems confirms the nature and place of the injury.

■ The defendant, in his challenge to the plaintiff's case as it came in, denied that the injection was made anywhere but at the mandibular foramen, and also advanced the proposition that an injection at the mental foramen is not necessarily improper procedure. On this basis he argued that the plaintiff had shown no departure from standard dental practice in the area, nor any negligence on the part of the defendant. On this ground he asked for and obtained the directed verdict in his favor. This will be sustained unless it appears that the plaintiff's evidence was adequate to carry the matter to the jury.

The plaintiff's evidence did sufficiently establish injury, so the crucial issues the plaintiff was required to support are that the defendant carried out a procedure so far from good medical practice as to be negligent, and that that act produced the harm complained of. These issues do not have to be proved beyond doubt, but simply sufficiently evidenced to raise a dispute on the matter for resolution by the jury. *Hedman* v. *Siegriest*, 127 Vt. 291, 293, 248 A.2d 685 (1968).

The testimony of the defendant himself sufficiently establishes that an injection at the mental foramen is both a procedure to be avoided and one inconsistent with the standards of dental skill and care generally exercised in the area. Such proof met the burden on the plaintiff as defined in *Domina* v. *Pratt*, 111 Vt. 166, 170, 13 A.2d 198 (1940).

Thus, the remaining issue was whether there was any evidence that such an improper procedure was in fact practiced on the plaintiff. The defendant denied doing so. The plaintiff himself claimed to have experienced the injection in the area of the mental foramen, on the right side of the chin, some distance from the area of a mandibular foramen injection. This was compromised, but probably not entirely contradicted, by evidence that this was a tactile or sensate experience, as contrasted with direct visual observation.

The doctor who treated the plaintiff testified that he treated him on the basis of a painful situation that had its origin in association with his visit to, and anesthetizing by, the defendant dentist. All of the curative procedures undertaken by this witness were acknowledged by the witness to be in the area of the mental foramen and in response to symptoms caused by the injection.

■ The doctor could properly, and did, testify as to his opinion as to the nature and cause of the plaintiff's injury based on his observation of the plaintiff's condition and upon the history of the difficulty given him by the patient. *Wilkins' Admr.* v. *Brock*, 81 Vt. 332, 341, 70 A. 572 (1908). Whatever distinction needs to be made as to the availability of that history to the jury as proof of facts for purposes other than to support the conclusion of the medical expert, should be treated in the court's charge, and need not detain us here, since that point has not yet been reached in this trial. More important, as to the evidence of pain and injury, past and present, the plaintiff himself was on the stand and testified directly as to all these matters, including the recitals in the history taken by the doctor. That evidence is, of course, not subject to hearsay objection.

■ It may well be that all of this evidence is capable of alternative explanation or conflicting conclusions as to negligence. But, insofar as it tends, in any fashion, to support an inference of negligence, the burden shifted to the defendant to go forward, and a directed verdict, at this point, was improper. The contradictions and conflicts are for the jury to resolve, so long as there is a view of the evidence supporting the essentials of the plaintiff's case, as there is here. *Domina* v. *Pratt, supra,* 111 Vt. at 171.

*Reversed and remanded.*